UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DEBORAH NICHOLS,

    Plaintiff,

v.

CONTOUR LASER BODY SCULPTING & COSMETIC
CENTER, LLC d/b/a NEW RADIANCE and
JAMES DORSEY, individually

    Defendants.

## COMPLAINT

Plaintiff Deborah Nichols, by the undersigned attorney brings this action under the Fair Labor Standards Act of 1938, as amended (29 USC 201 et seq.), hereinafter "the Act," to recover unpaid back wages and an additional equal amount as liquidated damages, reasonable attorney's fees and costs.

1. Jurisdiction of this action is conferred by Section 16(b) of the Act (29 U.S.C. 216(b)), pendent jurisdiction and 28 U.S.C. 1367.

### COUNT I

(Nichols v. New Radiance)

2. Defendant New Radiance at all times hereinafter mentioned has been a Florida corporation having a place of business and doing business as laser and skin care in Palm Beach Gardens, Florida, Palm Beach County, Florida.

3. At all times hereinafter mentioned, Defendant having been engaged in related

activities performed through unified operation or common control for a common business purpose; having employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), therefore constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r) and (s) of the Act (29 USC 203(r) and (s)).

4. At all times hereinafter mentioned, Defendant employed employees, including Plaintiff who was regularly engaged in handling, receiving, selling or otherwise working with machinery, materials and goods moved in or produced for commerce and other activities involving interstate commerce. Such employee, therefore, has been engaged in commerce within the meaning of Section 3(b) and (j); respectively, of the Act (29 USC 203(b) and (j)).

5. During the period from approximately June 2010 through August 2013 Defendant employed Plaintiff at a salary of $750.00 per week and intentionally failed to pay her overtime violating contrary to the requirements of Sections 7 of the Act (29 USC 207).

6. Plaintiff was a laser tech/esthetician had meetings with clients of defendant, and called various leads and followed up with clients.

7. Defendants actions were intentional and willful because any person or entity running or participating a business knows or should know that non-exempt employees must be paid properly for overtime work performed.

8. As a result of the underpayments of wages alleged above, Defendant is indebted to Plaintiff in the amount of the unpaid overtime and back pay. The complete records concerning the

number of hours worked by Plaintiff and any compensation she received are in the exclusive possession and under the sole custody and control of the Defendant.

9. As a result of the underpayment of wages alleged above, Plaintiff estimates that Defendant is indebted to Plaintiff in the amount of $29,999.97 which amount Defendant has refused to pay. This is only an estimate of the wages owed to Plaintiff. Upon receipt of discovery from Defendant, Plaintiff will calculate the total damages due.

10. Pursuant to Section 16(b) of the Act, Plaintiff is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff demands judgment against Defendant New Radiance for $29,999.97, an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues.

## COUNT II

(Nicholas v. James Dorsey)

11. Plaintiff repeats the allegations of paragraphs 1 through 10.

12. Defendant James Dorsey, was the Plaintiff's supervisor, an officer and owner of the business actively participated in the business and exercised control over the functions of the employees by supervising them, setting pay rates and business guideline.

13. As a result of the under payment of wages alleged above, Plaintiff, calculates that Defendant Dorsey is indebted to Plaintiff in the amount of $29,999.97, which amount Defendant Dorsey has refused to pay.

14. Pursuant to Section 16(b) of the Act, Plaintiff is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff demands judgment against Defendant James Dorsey for $29,999.97, an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues.

Dated: October 17, 2013

Respectfully submitted,

VASSALLO, BILOTTA, FRIEDMAN & DAVIS
1655 Palm Beach Lakes Blvd, Suite 1000
West Palm Beach, FL 33401
(561) 471-2800 - Telephone
(561) 471-2818 - Facsimile
Attorney for Plaintiff

Joseph Bilotta
Florida Bar No.: 0881414

I, DEBORAH NICHOLS, consent to being named as a plaintiff in this action.

DEBORAH NICHOLS