UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA

CASE NO. 13-81067-CIV-COHN/SELTZER

DEBORAH NICHOLS,

        Plaintiff,

vs.

CONTOURE LASER BODY SCULPTING &
COSMETIC CENTER, LLC d/b/a NEW RADIANCE
and JAMES DORSEY, individually,

        Defendants.

_____/

## JOINT STIPULATION TO REVIEW AND APPROVE FLSA SETTLEMENT AND DISMISS ACTION WITH PREJUDICE

Plaintiff, DEBORAH NICHOLS (hereinafter "Plaintiff") and Defendants, CONTOURE

LASER BODY SCULPTING & COSMETIC CENTER, LLC d/b/a NEW RADIANCE, a Florida

limited liability corporation, and JAMES DORSEY, individually (hereinafter "Defendants"), by

and through their respective undersigned counsel, in accordance with Fed Rule of Civil Procedure

41(a) and this Court's Order Requiring Mediation (DE#7), hereby jointly stipulate and move the

Court to review and approve their settlement and dismiss this action with prejudice, and state the

following:

    1.      Plaintiff's Complaint alleges that Defendants violated the Fair Labor Standards

Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), by failing to pay Plaintiff the required

overtime compensation. Defendants deny any wrongdoing under the FLSA, and further deny that

Plaintiff is entitled to any relief whatsoever. The parties agree that there is a bona fide, good faith

Case No. 13-81067-CIV-COHN/SELTZER
Deborah Nichols v. Contoure Laser Body Sculpting 7 Cosmetic Center LLC etc. et al.
Joint Stipulation to Review and Approve FLSA Settlement and Dismiss Action with Prejudice
Page 2 of 3

dispute as to both liability and damages regarding Plaintiff' claim.

2.      To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement of this matter. Under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). The matter was settled after the exchange and review of extensive information and documentation and after extensive settlement discussions between the parties at mediation. The parties stipulate and request that the Court review and approve their settlement and dismiss this action with prejudice. The parties further stipulate and request that the Court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

3.      All settling parties are represented by counsel in this action, and all parties and their respective counsel agree and stipulate that the settlement represents a fair and reasonable compromise of Plaintiff's claims. The parties and counsel stipulate and agree that the sum paid to Plaintiff fully and completely compensates her for any and all damages she has incurred or are entitled to. The parties and their counsel also stipulate and agree that the sums paid to Plaintiff's legal counsel is a reasonable and fair fee given the time spent and expertise of legal counsel for the legal services rendered and costs incurred in pursuit of the claims and negotiation of the settlement of the same.

4.      Attached hereto as Exhibit "A" is a copy of the parties' Agreement and General Release.

Case No. 13-81067-CIV-COHN/SELTZER
Deborah Nichols v. Contoure Laser Body Sculpting 7 Cosmetic Center LLC etc. et al.
Joint Stipulation to Review and Approve FLSA Settlement and Dismiss Action with Prejudice
Page 3 of 3

WHEREFORE, Plaintiff and Defendants jointly stipulate and request that the Court enter

an Order:

a.    approving the parties' settlement;

b.    dismissing this action with prejudice; and

c.    reserving jurisdiction to enforce the terms of the settlement, should such

enforcement be necessary.

Respectfully stipulated and submitted this _____ day of March, 2014.

| | |
|---|---|
| Vassallo, Bilotta, Friedman & Davis | Christopher C. Copeland, P.A. |
| *Attorneys for Plaintiff* | *Attorney for Defendants* |
| 1665 Palm Beach Lakes  Blvd. | 824 W. Indiantown Road |
| West Palm Beach, FL  33401 | Jupiter, FL  33458 |
| 561-471-2800 (office) | 561-691-9048 (office) |
| 561-2818 (fax) | 866-259-0719 (fax) |
| joeb@vassallobilotta.com | Chris@CopelandPA.com (primary e-mail) |
| margaret@vassallobilotta.com | Carla@CopelandPA.com (secondary e-mail) |
| | |
| /s/ Joseph Bilotta, Esq. | /s/ Christopher C. Copeland |
| JOSEPH BILOTTA, ESQ. | CHRISTOPHER C. COPELAND |
| Florida Bar #0881414 | Florida Bar #938076 |

## AGREEMENT AND GENERAL RELEASE

CONTOUR LASER BODY SCULPTING & COSMETIC CENTER, LLC d/b/a/ NEW RADIANCE  and JAMES DORSEY ("Employer") and DEBORAH NICHOLS, her heirs, executors, administrators, successors, and assigns (also referred to as "Employee"), agree that:

1.      **Consideration**.  In consideration for signing this Agreement and General Release and compliance with the promises made herein, Employer agrees to pay fifteen thousand dollars and zero cents ($15,000.00), as set forth below:

a.      to pay to Employee, three thousand eight hundred six dollars and fifty four cents ($3,806.54), less authorized withholdings and applicable statutory deductions, for which a Form W-2 shall be issued to Employee, which reflects this sum;

b.      to pay to Employee three thousand eight hundred six dollars and fifty four cents ($3,806.54), for which a Form 1099 shall be issued to Employee, which reflects this sum; and

c.      to pay to Employee's counsel, Vassallo Law Group, LLC, the sum of seven thousand three hundred eighty six dollars and ninety two cents ($7,386.92), for which a Form 1099 shall be issued to Vassallo Law Group, LLC., Tax Identification Number 59-1825711.

The checks described above in subparts (a) through (c) shall be delivered to Vassallo Law Group, LLC. within ten (10) business days of receipt by counsel for Employer of: (1) a Stipulation of Dismissal with Prejudice executed by Vassallo Law Group, LLC, with each party to bear its own fees, costs and disbursements; (2) this Agreement and General Release signed by Employee in connection with the settlement of her/his claims against Employer; and (3) the Court's approval of this Agreement and General Release.

Employer makes no representation regarding the taxability of the amounts paid to Employee or her counsel.  Employee agrees to pay her/his portion of federal, state or local taxes, if any, which are required to be paid with respect to this Agreement.  Moreover, Employee agrees to indemnify Employer and hold it harmless from any interest, taxes, or penalties assessed against it by any governmental agency as the result of the non-payment of taxes on any amounts paid to Employee or her/his attorneys under this Agreement.

2.      **No Consideration Absent Execution of This Agreement**.  Employee understands and agrees that she/he would not receive the monies and/or benefits specified in paragraph "1" above, except for her/his execution of this Agreement and General Release and the fulfillment of the promises contained herein.

3.      **General Release of Claims**.  Employee and Employer, knowingly and voluntarily releases and forever discharges each other and their respective parent corporations, affiliates, subsidiaries and divisions, successors,  or assigns, and the current and former



employees, officers, directors, managers, insurers, attorneys, and agents thereof, both individually and in their official capacities, (collectively, "Releasees") of and from any and all claims, known and unknown, asserted and unasserted, she/he/it has or may have against Releasees as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violations of:

Title VII of the Civil Rights Act of 1964, as amended;

The Civil Rights Act of 1991;

Sections 1981 through 1988 of Title 42 of the United States Code, as amended;

The Employee Retirement Income Security Act of 1974, as amended ("ERISA");

The Immigration Reform and Control Act, as amended;

The Americans with Disabilities Act of 1990, as amended;

The Age Discrimination in Employment Act of 1967 ("ADEA"), as amended;

The Workers Adjustment and Retraining Notification Act, as amended;

The Fair Labor Standards Act, as amended;

The Occupational Safety and Health Act, as amended;

The Florida Civil Rights Act, as amended;

The Florida Minimum Wage Law, as amended;

Equal Pay Law for Florida, as amended;

Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance, including claims for workers' compensation retaliation;

Any public policy, contract, tort, or common law; or

Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters.

4.    **Affirmations**. Employee affirms that she/he has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Employer in any forum or form, except for the current case styled Nichols v. Contour Case No. 13-cv-81067, filed in the Southern District of Florida. Employee further affirms she/he is unaware of any other claims she/he has or may have against Employer.

Employee also affirms that she/he has reported all hours worked as of the date of this release and has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she/he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to her/him, except as provided in this Agreement and General Release. Employee furthermore affirms that she/he has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act.

Employee acknowledges that because of circumstances unique to her/him including, but not limited to, irreconcilable differences with Employer, she/he may not hold any position with Employer now or in the future and, therefore, shall not apply in the future for employment with Employer.

6.    **Governing Law and Interpretation**. This Agreement and General Release shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event that either party breaches any provision of this Agreement and Release, the parties affirm that the non-breaching party may institute an action to specifically enforce any term or terms of this Agreement and General Release. The prevailing party shall be entitled to recover its reasonable costs and attorney's fees in any action brought to enforce the terms of this Agreement. Should any provision of this Agreement and General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision immediately shall become null and void, leaving the remainder of this Agreement and General Release in full force and effect.

7.    **Nonadmission of Wrongdoing**. The parties agree that neither this Agreement and General Release nor the furnishing of the consideration for this Release shall be deemed or construed at anytime for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

8.    **Amendment**. This Agreement and General Release may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement and General Release.

9.    **Entire Agreement**. This Agreement and General Release sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties except for any confidentiality agreements and protective orders previously entered into between the parties in connection with this litigation. Employee acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her/him in connection with her decision to accept this Agreement and General Release, except for those set forth in this Agreement and General Release.

10.    **Revocation.** Employee may revoke her/his acceptance of this Agreement for a period of seven (7) calendar days following the day she/he executes this Agreement. Any revocation within this period must be submitted, in writing, and state, "I hereby revoke my acceptance of our Settlement Agreement and General Release." The revocation must be delivered to Christopher C Copeland, P.A., and postmarked within seven (7) calendar days of

execution of this Agreement.  If the last day of the revocation period is a Saturday, Sunday, or legal holiday in Florida, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday.

**EMPLOYEE ACKNOWLEDGES THAT SHE/HE HAS BEEN ADVISED THAT SHE/HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING OF THIS AGREEMENT, AND THAT SHE/HE HAS CONSULTED WITH HER/HIS ATTORNEY REGARDING THE MEANING OF THIS AGREEMENT.**

**EMPLOYEE AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) DAY CONSIDERATION PERIOD.**

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

New Radiance
By: JAMES H. DORSEY
MGM

Date: 2/25/2014

James Dorsey

Date: 2/25/2014

Deborah Nichols

Date: 2/25/2014